UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:26-CV-60029

RAFAEL ARCE CENTENARO,

    Plaintiff,

vs.

CEBICHE-BAR, INC. d/b/a
CEBICHE-BAR PEMBROKE PINES
AND GIANCARLO CAPOCCI,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Rafael Arce Centenaro, sues Defendants, Cebiche-Bar, Inc. d/b/a Cebiche-Bar Pembroke Pines and Giancarlo Capocci, as follows:

*Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Rafael Arce Centenaro ("Mr. Arce")**, is over 18 years old and has been a *sui juris* resident of Broward County, Florida, at all times material.

2.     Mr. Arce was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Mr. Arce was a non-exempt employee of the Defendants.

4.     Mr. Arce consents to participate in this lawsuit.

5.     **Defendant, Cebiche-Bar, Inc. d/b/a Cebiche-Bar Pembroke Pines,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit restaurant business in Broward County, Florida, at all times material, where it maintains its principal place of business.

6. **Defendant, Giancarlo Capocci,** was and is an owner/officer/director/manager of the corporate Defendant during the time relevant to this lawsuit. He ran its day-to-day operations, was responsible for significant operational decisions, and was partially or totally responsible for paying Mr. Arce's wages.

7. Defendants were Mr. Arce's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

8. This Court has original jurisdiction over Mr. Arce's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and 26 U.S.C. §7434.

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Mr. Arce worked and was due to be paid in Broward County, and because most if not all of the operational decisions were made in this District.

*FLSA Jurisdictional Allegations*

10. Mr. Arce worked as a Chef's Assistant/cook for the Defendants from approximately July 2019 until they fired him in May 2025.

11. Mr. Arce's job duties involved prepping ingredients and cooking hot and cold plates, including appetizers, entrees, and desserts.

12. To the extent that records exist regarding the exact dates of Mr. Arce's employment, Defendants are believed to have such records (or the FLSA required Defendants to make and keep these records).

13. Mr. Arce regularly and routinely received delivery orders of food products and ingredients on behalf of the restaurant, including meat, poultry, seafood, rice, oils, and other kitchen materials and supplies that moved through interstate commerce.

14. Mr. Arce regularly and routinely handled, prepared, cooked, washed, cleaned, and

2

used food products (including meat, poultry, seafood, rice, and cooking oils), ingredients, cooking equipment, utensils, dishwashing equipment, cleaning supplies, uniforms, packaging, and other goods and materials that traveled in interstate commerce.

15. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' restaurant business an enterprise covered by and subject to the requirements imposed by the FLSA.

16. Defendants own and operate a Peruvian restaurant that prepares and sells food, beverages, and alcoholic beverages to the public. In doing so, they utilize food products, spices, sauces, meats, seafood, vegetables, cooking oils, beverages, alcoholic beverages, take-out containers, packaging, cleaning chemicals, kitchen equipment, appliances, point-of-sale systems, and other goods and materials that have moved through interstate commerce and were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce

17. Defendants communicated with their workers and with others by regularly and routinely using telephones to transmit information through text messages, emails, and the internet, and these transmissions regularly and routinely traveled outside the State of Florida.

18. Defendants engaged in interstate commerce by regularly and routinely ordering, purchasing, and receiving food, beverage, and supply products – including ingredients, spices, oils, packaged goods, and other restaurant materials that traveled in interstate commerce – from vendors and distributors located outside the State of Florida.

19. Defendants regularly and recurrently obtained, solicited, exchanged and sent funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State

3

of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in conducting their business.

20. Defendants engaged in e-commerce across the internet through their use of their website, Cebiche-Bar.com, which is hosted by GoDaddy.com, LLC, a foreign web hosting platform, and through their social media, @cebichebar, which they registered through Facebook.com and Instagram.com – interstate communications platform which they regularly and routinely used to market their restaurant.

21. Defendants also engaged in e-commerce through relationships with DoorDash, Uber Eats, Postmates, and Owner.com (a foreign corporation), which involve the regular and recurrent exchange of electronic information and payment through interstate communications.

22. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

*FLSA Overtime Liability and Damages*

23. Defendants started paying Mr. Arce $11/hour and then progressively raised his wage to $13/hour and then to $15/hour.

24. Defendants paid Mr. Arce his wages by check.

25. Mr. Arce regularly and routinely worked over 40 hours in one or more workweeks for Defendants.

26. Defendants did not pay Mr. Arce overtime wages calculated at one and a half times his regular hourly rate for all hours worked over 40 hours in a given workweek.

27. Mr. Arce suffered damages because Defendants did not pay him all the overtime wages he earned during the time relevant to this lawsuit.

4

28. Defendants either recklessly failed to investigate whether their failure to pay Mr. Arce time and one-half overtime wages for the overtime hours worked during the relevant time violated the FLSA, intentionally misled Mr. Arce into believing they were not required to pay overtime wages, and/or devised a scheme that deprived Mr. Arce of the overtime pay he earned.

29. Mr. Arce retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

30. Mr. Arce is entitled to recover from the Defendants, jointly and severally, all overtime wages earned but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

31. Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Mr. Arce.

**WHEREFORE** Plaintiff, Rafael Arce Centenaro, demands the entry of a judgment in his favor and against Defendants, Cebiche-Bar, Inc. d/b/a Cebiche-Bar Pembroke Pines and Giancarlo Capocci, jointly and severally after trial by jury and as follows:

   a. That Plaintiff be awarded compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);
   b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;
   c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;
   d. That Plaintiff be awarded all other interest allowed by law;
   e. That the Court declare Defendants to have willfully violated the FLSA; and
   f. Award Plaintiff such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Rafael Arce Centenaro, demands a trial by jury of all issues so triable.

Respectfully submitted this **7th** day of **January 2026**,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Samuel G. Gonzalez, Esq. (1011323)
samuel@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue. Suite 770
Coral Gables, Florida 33146
Tel:     305.230.4884
*Counsel for Plaintiff*
