UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:26-CV-60029-EA

RAFAEL ARCE CENTENARO,

    Plaintiff,

vs.

CEBICHE-BAR, INC. d/b/a
CEBICHE-BAR PEMBROKE PINES, and
GIANCARLO CAPOCCI,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
## AND TO DISMISS ACTION WITH PREJUDICE

    Plaintiff, RAFAEL ARCE CENTENARO, and Defendants, CEBICHE-BAR, INC. d/b/a CEBICHE-BAR PEMBROKE PINES and GIANCARLO CAPOCCI, by and through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice. The following is stated in support:

    1.    On January 7, 2026, Plaintiff filed this action seeking damages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (the "FLSA"). Defendants dispute Plaintiff's claims that there were violations of the FLSA.

    2.    After exchanging time records and payroll records, the parties entered into a settlement in this matter. The Parties stipulate that the Agreement entered into is a fair and reasonable settlement of the Plaintiff's FLSA claims. The Parties thus hereby jointly stipulate to the dismissal with prejudice of this case based on a settlement of all claims. A written Settlement Agreement memorializing the terms of the settlement is attached hereto as Exhibit "A".

    3.    The Parties dispute whether there is liability in this action. Nonetheless, they have agreed to settle the claims made in this dispute through the execution of a Settlement Agreement with a general releases and non-disparagement provisions. The Parties represent that, in accordance with the terms of the Settlement Agreement, Plaintiff is receiving a reasonable and

satisfactory recovery of an agreed upon sum, plus payment of an agreed upon amount of attorney's fees and costs. The Parties agree that the settlement terms they have reached in this action represent a fair and equitable resolution of this matter. The Parties respectfully submit that the proposed settlement is fair and reasonable and satisfies the criteria for approval under § 216(b) of the FLSA. The agreement was achieved during lengthy negotiations between the Parties conducted by experienced counsel and resolves all outstanding legal issues between them.

4. The Parties respectfully request that the Court approve the settlement as a fair and reasonable resolution of disputed claims. To approve the settlement as to the FLSA claims, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982).

5. The settlement is contingent upon approval by the Court. Thus, the Parties respectfully request that the Court approve the settlement and issue an Order dismissing this action with prejudice.

**WHEREFORE**, the Parties respectfully request that the Court enter an Order approving the terms of the Settlement Agreement entered into by the Parties to the instant action, dismissing this action with prejudice.

Dated this 19th day of February 2026.

Respectfully submitted,

FAIRLAW FIRM
**Attorneys for Plaintiff**
135 San Lorenzo Avenue. Suite 770
Coral Gables, Florida 33146
Tel: 305.230.4884
s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)

Michael A. Pancier, P.A.
**Attorneys for Defendants**
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
TEL: (954) 862-2217
Email: mpancier@pancierlaw.com
        /s/ Michael A. Pancier, Esq.
Michael A. Pancier, Esq.
Fla. Bar No. 958484

# SETTLEMENT AGREEMENT

Plaintiff, RAFAEL ARCE CENTENARO, ("Plaintiff"), and Defendants, CEBICHE-BAR, INC. d/b/a CEBICHE-BAR PEMBROKE PINES and GIANCARLO CAPOCCI, individually, ("Defendants"), collectively, the "Parties," hereby agree upon this Settlement Agreement, Release and Waiver of Claims ("Agreement") as a settlement of all issues involved herein as follows:

1.  **No Admission of Liability**. The Parties hereto recognize and agree that Defendants, as a part of this Agreement between the Parties, do not admit to any violation of law or any liability to Plaintiff as a result of or growing out of Plaintiff's working relationship with, and the termination of working relationship from, Defendants and assert that the Plaintiff was an exempt employee under the FLSA.

2.  **Waiver of Claims**. For and in consideration of the promises outlined in Section 3 of this Agreement, Plaintiff agrees to fully waive and withdraw any already filed causes of action or charges (including dismissing with prejudice the Complaint pending in the Southern District of Florida, Case No. 0:26-CV-60029-EA), and not file any future cause of action or charges, against Defendants or Releasees (as defined below) as to any related matter from the beginning of time to the date of this Agreement that could have been brought in the instant action.

3.  **Consideration**. Defendants agree to pay Plaintiff the total sum of Twenty-One Thousand Dollars ($ 21,000.00) as set forth and allocated below. Defendants shall pay the total amount of $21,000 in fourteen (14) equal monthly installments of $1,500.00, which shall be directly deposited into Plaintiff's counsel's Trust Account ("FairLaw Trust Account") by the date(s) due, and from which Plaintiff and his counsel shall receive pro-rata distributions based on the allocations identified above. The first payment shall be directly deposited into the FairLaw Firm Trust Account within 15 days of the Court's approval of the settlement and dismissal of the

EXHIBIT "A"

action, with each subsequent monthly payment being due 30 days thereafter until the balance has been paid in full. Plaintiff's counsel shall provide the appropriate banking information to effectuate the direct deposits.

The above payments are contingent on the Plaintiff and his counsel executing IRS form W9's. Plaintiff agrees and acknowledges that payment of the sum as set forth above shall constitute effective and sufficient consideration, which receipt Plaintiff hereby acknowledges, for this Agreement. Plaintiff agrees to be responsible for his share of all taxes due upon the consideration paid.  Plaintiff agrees that he shall file any and all papers necessary to dismiss, with prejudice, the Complaint pending in the Southern District of Florida and that the Court must approve this Agreement prior to the dispersal of any funds by Defendants.  Further, Plaintiff represents and warrants that the above allocation is a fair, accurate, and reasonable allocation among the various claims released by Plaintiff herein, and he agrees to the distribution of the settlement funds as set forth herein.

If Defendants fail to timely make a payment in accordance with this Agreement, then Plaintiff's counsel shall provide written notice of default ("Default Notice") to defense counsel (mpancier@pancierlaw.com) and to GIANCARLO CAPOCCI (giancapocci@hotmail.com).

If Defendants fail to cure the default by making any missed payments within five business (3) days after receipt of the Default Notice (the "Cure Period"), then Plaintiff shall be entitled to a final default judgment for $ 25,000.00 less any payments timely made, on an *ex parte* basis, and Defendants waive all defenses to the entry of a default on an *ex parte* basis other than lack of notice, timely payment, or force majeure. Nothing herein shall prevent Defendants from accelerating the payments in such a manner so as to pay off the Settlement Funds prior to the conclusion of the 14-month period, nor shall there be any penalty for doing so.

4.      **Release by Plaintiff**. In consideration of the promises, payments and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff hereby remises, acquits, releases, satisfies and discharges, on Plaintiff's own behalf and on behalf of anyone who could claim by and through Plaintiff: Defendants as well as any of Defendants' subsidiaries, and their past and present owners, supervisors, managers, employees, contractors, agents and attorneys (hereafter collectively referred to as "Releasees"), in their individual and official capacities,  of and from, any and all claims and demands and all manner of actions and causes of action, sums of money, controversies, agreements, promises, torts, trespasses, damages, judgments, claims and demands whatsoever, in law or in equity, which Plaintiff and Plaintiff's agents, beneficiaries, successors in interest and assignees, by reason of any matter or cause whatsoever from the beginning of the world to the execution of this Agreement including any and all claims for unpaid overtime, or any other claim under the Fair Labor Standards Act.  The Release by Plaintiff includes but is not limited to:

(A)     Any and all claims for damages, salary, wages, overtime pay, compensation, monetary relief, injunctive relief, employment, back pay, liquidated and other damages, compensatory damages, punitive damages, emotional distress, financial loss, pain and suffering, declaratory relief, interest, attorneys' fees and costs arising from Plaintiff's working relationship with, and the termination of her working relationship from, Defendants and/or Releasees.

(B)     Any and all claims growing out of, resulting from, related to, or connected in any way to Plaintiff's working relationship with, and the termination of working relationship from, Defendants and/or Releasees, including any and all claims for discrimination, harassment of any kind, retaliation, unequal pay, whistle blowing, breach

of contract, torts of any kind, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent retention, negligent hiring or training, claims or rights under state and federal whistle blower legislation including Section 448.101-448.105, Fla. Stat., the Fair Labor Standards Act ("FLSA"), the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the National Labor Relations Act, the Fair Credit Reporting Act, the Florida Civil Rights Act of 1992, the Florida Minimum Wage Act, the Florida Constitution, and any other claim of any kind.

(C)     A waiver by Plaintiff of any rights of action and administrative and judicial relief which Plaintiff might otherwise have available in the state and federal courts arising from Plaintiff's working relationship with, and the termination of working relationship from, Defendants and/or Releasees, including all common law claims and claims under federal and state constitutions, torts, contracts (expressed or implied), statutes and regulations, and federal executive orders and county and municipal codes, ordinances and regulations.

(D) In compliance with the Older Workers Benefit Protection Act, Plaintiff is hereby advised to consult with an attorney regarding terms, meaning, and impact of this agreement. In addition, Plaintiff understands and agrees that: (a) by signing this Agreement, and the subsequent General Release on the Separation Date, Plaintiff waives and releases any claims Plaintiff might have against any of the Released Parties, including, but not limited to, any claims under the Age Discrimination in Employment Act of 1967; (b) Plaintiff is receiving consideration which is in addition to anything of value to which Plaintiff otherwise would have been entitled, (c) Plaintiff was advised in writing, by way

of this agreement, to consult an attorney; (d) Plaintiff has twenty-one (21) days from the date of receipt of this Agreement to consider whether or not to execute this Agreement, which Plaintiff waives by virtue of execution during the consideration period; and (e) after Plaintiff signs this Agreement, Plaintiff has seven days from that date to revoke the Agreement. To revoke the Agreement, Plaintiff must clearly communicate the decision in writing to defense counsel, Michael A. Pancier, Esquire, via email at mpancier@pancierlaw.com by the seventh day following the effective date of this Agreement. Plaintiff understands and agrees that should Plaintiff revoke the release and waiver as to claims under the Age Discrimination in Employment Act of 1967, as amended, the Company's obligation under this Agreement will become null and void.

5. **Payment**. It is further agreed and understood that although the Defendants deny liability to the Plaintiff, the Plaintiff shall be considered the prevailing party for purposes of the FLSA and shall receive consideration in the amount of Twenty One Thousand Dollars ($21,000.00) (the "Settlement Funds") shall be allocated as follows: $ 6,000.00 to Plaintiff representing unpaid wages, overtime or otherwise, and any backpay, that Plaintiff asserted, or could have asserted, in Case No. 0:26-cv-60029-EA; $ 6,000.00 to Plaintiff representing liquidated damages, compensatory damages and any and all other damages, that Plaintiff asserted, or could have asserted, in Case No. 0:26-cv-60029-EA, and any and all other claims and potential claims as set forth and released by Plaintiff herein; and $ 9,000.00 representing attorneys' fees ($8,482.20) and costs ($517.80) incurred by Fairlaw Firm, as counsel for Plaintiff in the above styled action.

6. **No Rehire/Non-Disparagement.** Plaintiff agrees that he shall not now or in the future seek reemployment with the Defendants. If, however, Plaintiff should, through inadvertence, mistake, or otherwise, re-apply for employment with Defendants, Plaintiff

understands and agrees that he will not be extended an offer of employment and that no claims or potential claims may arise from the denial of employment. Further, unless required by legal process, Plaintiff agrees that he will not make any disparaging remarks that might have a harmful effect on the reputation of Defendants, whether orally or in writing, including Defendants' services, owners managers, supervisors and employees, to any persons whatsoever.  Similarly, Plaintiff agrees to refer any potential employments seeking job references to GIANCARLO CAPOCCI who will provide employers seeking job references with only a neutral reference verifying the Plaintiff's employment and the dates and position held and without reference to any claim, lawsuit, or the resolution thereof.

7.     **Further Actions.**  Plaintiff affirms that he has not otherwise filed, caused to be filed, or presently is party to any claim, complaint, or action against Defendants in any forum or form, other than the Complaint filed herein.  While Plaintiff is not foreclosed from filing a civil rights charge or complaint with the Equal Employment Opportunity Commission or any other government agency or having such a charge or complaint filed on his behalf, Plaintiff waives the right to receive any benefit or remedial relief as a consequence of any such civil rights charge or complaint filed by him or on his behalf.  Should any such charge or action be filed by Plaintiff or on his behalf involving matters covered by this Agreement with the Equal Employment Opportunity Commission or a state fair employment practices agency, Plaintiff agrees to promptly give the agency a copy of this Agreement and inform it that any individual claims that Plaintiff might otherwise have had are now resolved.

8.     **Governing Law**. This Agreement is to be construed and governed under the laws of the State of Florida, and shall bind the Parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or

unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

9. **Important Acknowledgments**. It is further understood and agreed that the settlement sum and other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. Plaintiff hereby represents and warrants that he has entered into this Agreement of his own free will and accord, and in accordance with his own judgment, and after consultation with his attorney. Plaintiff hereby states that he and his counsel have made a full and independent investigation of all the facts and representations relating to this Agreement and Release, and therefore state that he has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set out herein. Plaintiff specifically states that the Parties jointly prepared this Agreement and Plaintiff is executing this Agreement knowingly and voluntarily.

10. **Venue**. The Parties hereto acknowledge that this Agreement is enforceable in the United States District Court for the Southern District of Florida, or an appropriate court in Miami Dade County, Florida, if the United States District Court declines to exercise jurisdiction.

11. **No Other Representations or Agreements**. Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral,

expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

12.  **Fees for Enforcement.** The prevailing party in action arising out of or related to this Agreement shall be entitled to recover its attorney's fees and costs from the non-prevailing Party/Parties.

13.  **No Modification Except in Writing**. This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement, and subsequently approved by the Court.

14.  **Execution In Counterpart**. This Agreement may be executed in counterpart by each Party and each executed Agreement, when taken together, shall constitute a complete Agreement. The parties agree and acknowledge that a photocopy, facsimile copy, e-mailed copy, electronic signature using Adobe Sign® or DocuSign®, or scanned copy of an executed signature or initialed page may be used in place of an original executed signature or initialed page for any purpose.

**Plaintiff understands, represents and agrees that he:**

**(A)** **Has carefully read and fully understand all of the provisions of this Agreement;**

**(B)** **Is, through this Agreement, releasing Defendants and Releasees, from any and all claims that Plaintiff may have against Defendants;**

**(C)** **Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;**

**(D)** **Knowingly and voluntarily intends to be legally bound by this Agreement;**

**(E)** **Was advised to consider the terms of this Agreement with counsel, and has consulted with his counsel prior to executing this Agreement; and**

**(F)** **Is duly authorized and have full authority to execute this Agreement.**

CASE NO. 0:26-cv-60029-EA

**RAFAEL ARCE CENTENARO**

Feb 19, 2026  
———————————————  
Date

*RFL ARCES*  
Rafael Angel Arce Centenaro (Feb 19, 2026 17:18:04 EST)  
RAFAEL ARCE CENTENARO,

**CEBICHE-BAR, INC. d/b/a CEBICHE-BAR PEMBROKE PINES**

———————————————  
Date

By: ———————————————  
Name: ———————————————  
Title: ———————————————

**GIANCARLO CAPOCCI**

———————————————  
Date

———————————————  
GIANCARLO CAPOCCI,

9

CASE NO. 0:26-cv-60029-EA

**RAFAEL ARCE CENTENARO,:**

_____  _____
Date                                                            RAFAEL ARCE CENTENARO,

**CEBICHE-BAR, INC. d/b/a CEBICHE-BAR PEMBROKE PINES**

02/12/26                                                      *Giancarlo Capocci*
_____                    By: Giancarlo Capocci (Feb 12, 2026 09:27:48 EST)
Date
                                                                   Name: Giancarlo Capocci
                                                                   _____

                                                                   Title: Owner
                                                                   _____
                                                                   FOR THE COMPANY

**GIANCARLO CAPOCCI**

02/12/26                                                      *Giancarlo Capocci*
_____                    Giancarlo Capocci (Feb 12, 2026 09:27:48 EST)
Date                                                            GIANCARLO CAPOCCI, individually

9

# Settlement Centenaro v. Cebiche Bar

Final Audit Report                                                                                                   2026-02-12

| | |
|---|---|
| Created: | 2026-02-11 |
| By: | Michael Pancier (mpancier@pancierlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA08yXsKm3_fqfAX340AGyx266gidEhU-G |

## "Settlement Centenaro v. Cebiche Bar" History

- Document created by Michael Pancier (mpancier@pancierlaw.com)
  2026-02-11 - 11:46:54 PM GMT- IP address: 64.80.140.98

- Document emailed to Giancarlo Capocci (giancapocci@hotmail.com) for signature
  2026-02-11 - 11:46:58 PM GMT

- Email viewed by Giancarlo Capocci (giancapocci@hotmail.com)
  2026-02-12 - 2:24:24 PM GMT- IP address: 99.173.157.111

- Document e-signed by Giancarlo Capocci (giancapocci@hotmail.com)
  Signature Date: 2026-02-12 - 2:27:48 PM GMT - Time Source: server- IP address: 99.173.157.111

- Agreement completed.
  2026-02-12 - 2:27:48 PM GMT

Adobe Acrobat Sign