UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:26-CV-60029-ARTAU/AUGUSTIN-BIRCH

RAFAEL ARCE CENTENARO,

     Plaintiff,

v.

CEBICHE-BAR, INC.,

     Defendant.

_____/

## ORDER REQUIRING SUPPLEMENTAL BRIEFING

This cause comes before the Court on the parties' Joint Motion for Settlement Approval. DE 9.  A settlement resolving a claim under the Fair Labor Standards Act ("FLSA") must either be presented to the Secretary of Labor or be scrutinized by a court for fairness.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute.  *Id.* at 1355.  The Honorable Ed Artau, United States District Judge, has referred the parties' Joint Motion for Settlement Approval to the undersigned United States Magistrate Judge for a report and recommendation.  DE 10.

Accordingly, it is **ORDERED and ADJUDGED** that the parties must file supplemental briefing to aid in the Court's review of the parties' settlement agreement. Specifically, the Court requires the parties to comply with the requirements detailed below.

A court reviewing the fairness of an FLSA settlement considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery

completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).  In their supplemental briefing, the parties must address each *Leverso* factor and how the factor applies to this case, as well as provide any additional information that the parties believe is relevant to the Court's evaluation of the fairness and reasonableness of their settlement agreement.

A court must evaluate the reasonableness of any attorneys' fees included as part of an FLSA settlement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  A court cannot scrutinize the reasonableness of attorneys' fees absent information about the number of hours counsel worked on the case, the work done during those hours, and counsel's hourly billing rate.  *Arevalo v. Latin Grp., Inc.*, No. 17-24257-CIV, 2018 WL 4957292, at *1-2 (S.D. Fla. Mar. 20, 2018) (denying without prejudice a joint motion for approval of an FLSA settlement when the motion and settlement agreement "fail[ed] to adequately explain Plaintiffs' attorneys' fees and costs" and requiring the filing of "affidavits or exhibits regarding attorneys' fees and costs").

In their supplemental briefing, the parties must (1) explain how the amount of the payment was calculated and why the amount is reasonable; (2) state the number of hours counsel worked on this case, the work done during those hours, and counsel's hourly billing rate; (3) provide the amount of costs expended for this case and the nature of those costs; and (4) substantiate the claimed fees and/or costs with exhibits such as billing records and receipts.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 23rd day of March, 2026.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE