UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:26-CV-60029-AUGUSTIN-BIRCH
CONSENT CASE

RAFAEL ARCE CENTENARO,

     Plaintiff,

vs.

CEBICHE-BAR, INC. d/b/a
CEBICHE-BAR PEMBROKE PINES, and
GIANCARLO CAPOCCI,

     Defendants.
_____/

**JOINT SUPPLEMENTAL BRIEFING IN SUPPORT OF
JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
AND TO DISMISS ACTION WITH PREJUDICE**

The Parties, through undersigned counsel, pursuant to this Court's Order Requiring Supplemental Briefing (DE 12) dated March 23, 2026, hereby submit their Supplemental Briefing in Support of the Parties' Joint Motion To Approve Settlement Agreement and To Dismiss Action With Prejudice and state the following:

It is axiomatic that in order to approve the settlement as to the FLSA claims, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982). The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claim. The proposed settlement arises out of an action filed by Plaintiff against her former employer, which is adversarial in nature. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (finding Lynn's Food fairness concerns not implicated regarding settlement that occurred within

1

the context of a lawsuit where a plaintiff employee is represented by counsel). During the litigation and settlement of this action, Plaintiff was and is represented by counsel.

The Parties' settlement of Plaintiff's FLSA claim is the result of a bona fide compromise between them on a variety of disputes of law and fact, including without limitation: (a) whether Plaintiff worked any overtime hours without receiving time and one-half of his effective hourly rate; (b) whether Defendant's actions were willful; and (c) whether Defendant acted in good faith. Though the parties did not engage in discovery, immediately upon being retained by the Defendants, defense counsel provided all time and pay records as well as accounting records. The principal dispute was whether prepaid overtime was included in the Plaintiff's checks or whether said amounts were expense reimbursements. After the exchange of documentation including the time records which were not in dispute and extensive discussions between counsel, the parties agreed upon a settlement amount to be paid over a series of months.

The following factors are typically considered by the Court in determining the reasonableness of the agreement:

(1)     the existence of fraud or collusion behind the settlement;

(2)     the complexity, expense, and likely duration of the litigation;

(3)     the stage of the proceedings and the amount of discovery completed;

(4)     the probability of plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of the counsel.

*Johnson v. Gonzo Mktg. Servs., LLC,* No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (*citing Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

As to the first factor, there is no fraud or collusion behind the settlement.  Each party was represented by counsel experienced in FLSA matters and who regularly litigate labor and employment matters.  The Parties decided to resolve the claim because of the inherent risks and substantial costs of litigation.

As to the second factor, this action would have required multiple depositions.  The Parties would have had to expend significant time and resources in preparation for trial, as well as attend a two-to-four-day trial.  The expense of litigation to Defendant is greater than the amount of the settlement. Likewise, Plaintiff's risk of losing the trial and the duration of the litigation weighed in favor of settlement.

As to the third factor, the litigation is currently in the pleading phase.  In the absence of this settlement, the Parties would have to engage in discovery, exchange and analyze numerous documents, and depose each other's witnesses.  As a result of the Parties' settlement conferral efforts, a resolution of this matter was reached without the need for extensive discovery and prolonged litigation. Moreover, the Defendants are not in the financial position to engage in federal court litigation which is why the parties agreed on a payment plan.

As to the fourth factor, there are several disputed issues.  The Parties dispute, with respect to the overtime claim, (a) whether Plaintiff worked any overtime time without receiving the requisite overtime premium; (b) whether the Plaintiff was paid for overtime each week based on estimate of the hours he was expected to work or whether said payments were expense reimbursements  (c) whether Defendants' actions were willful; and (d) whether Defendants acted in good faith on how it paid plaintiff.  Thus, there is a bona fide dispute as to whether Plaintiff is owed any wages.

As to the fifth factor, if Defendants would have prevailed on their defenses, Plaintiff potentially may have recovered nothing or far less than what he is receiving under the settlement or may have owed a cost judgment to Defendant. If Plaintiff were to prevail, Defendants would potentially be indebted to Plaintiff for a judgment for wages, for part or the entirety of Plaintiff's claim, an award for liquidated damages, and attorney's fees and costs. Moreover, as noted above, regardless of which party would prevail in this matter, the Defendants do not have the financial ability to embark on a full-blown federal court case and would in all likelihood be defaulted due to its inability to pay counsel for the course of discovery and trial. Consequently, the Parties recognize the inherent uncertainty in proceeding with this action, the preoccupation of litigation, the investment of additional time to continue litigating this case, and the additional expenditure of fees and costs that will accrue as this matter progresses. In recognition of these concerns, the Parties have agreed to resolve this action.

As to the sixth factor, counsel for the Parties believe the settlement is a fair and reasonable resolution of the FLSA claims. Plaintiff's counsel and Defendant's counsel are experienced attorneys with a significant background in FLSA litigation, including large scale, nation-wide Collective actions.

### The Stipulated and Negotiated Payment Of Plaintiff's Attorney's Fees

When a settlement agreement includes an amount for attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). The parties may demonstrate the reasonableness of the attorneys' fees by either: (1) demonstrating the reasonableness of the proposed attorneys' fees using the lodestar method; or (2)

representing that the parties agreed to plaintiff's attorneys' fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Plaintiff's attorney's fees and costs were negotiated separately from the amounts claimed by Plaintiff for his underlying claims.  As such, the recovery by Plaintiff was not adversely affected by the amount of the attorney's fees and costs paid to his counsel. *Texas v. New World Van Lines of Fla.,* No. 6:20-cv-445-RBD-LRH, 2021 WL 2458409 (M.D. Fla. June 10, 2021)(accepting the representations of the attorneys that the fees were separately negotiated, the Court accepts and approves the fees to be paid without further scrutiny).

The Parties respectfully stipulate that the amount of attorney's fees and costs Defendant agreed to pay Plaintiff and her counsel is fair.  The Parties negotiated and Defendants have agreed to pay attorney's fees and costs incurred by Plaintiff.[1]  Bargained-for provisions on attorney's fees in a settlement agreement control the issue of attorney's fees. *Embree v. Medicredit, Inc.*, 752 F. App'x 697, 700 (11th Cir. 2018) (citing *Pottinger v. City of Miami*, 805 F.3d 1293, 1300 (11th Cir. 2015)).

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  Plaintiff and his counsel discussed the viability of Plaintiff's claims and formulated their own proposed settlement figures. The Parties then continued to engage in settlement discussions based upon their independent calculations upon receipt of the time and pay records and made adjustments to the damage calculations accordingly.

---

[1] Pursuant to the Court's order [D.E. 12], Plaintiff's counsel simultaneously submits his hours, billing rate(s), total attorney's fees, and costs as required by the order attached hereto as Exhibit A.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations.  All Parties were counseled and represented by their respective attorneys through the litigation and settlement process.  The Agreement has been signed by the Parties.

**Attorney's Fees and Costs Identification**

Plaintiff's counsel will receive $9,000 in attorney's fees ($8,482.00) and costs ($517.80) as a result of the settlement of this case. Plaintiff's counsel submits the time expended on this matter is as follows:

| | |
|---|---|
| Brian H. Pollock, Esq. | 4.2 hours |
| P. Brooks LaRou, Esq. | 1.6 hours |
| Samuel Gonzalez, Esq. | 13.3 hours |
| Steffany Sanguino (Paralegal) | 5.8 hours |

Exhibit "A".

**Conclusion**

For the foregoing reasons, the Parties jointly request that this Court approve the Parties' Settlement Agreement as to Plaintiff's FLSA claim and that the Court dismiss this action, with prejudice and retain jurisdiction to enforce the terms of the Settlement Agreement.

Dated this 26th day of March 2026.

Respectfully submitted,

FAIRLAW FIRM
**Attorneys for Plaintiff**
135 San Lorenzo Avenue. Suite 770
Coral Gables, Florida 33146
Tel: 305.230.4884
s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)

Michael A. Pancier, P.A.
**Attorneys for Defendants**
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
TEL: (954) 862-2217
Email: mpancier@pancierlaw.com
/s/ Michael A. Pancier, Esq.
Michael A. Pancier, Esq.
Fla. Bar No. 958484

**Case Name: Rafael Arce Centenaro vs. Cebiche-Bar, Inc d/b/a Cebiche Bar Pe**

**Client: Rafael Arce Centenaro**

**Time Entries Report**

| Date | Billed Staff User | Category | Description | Duration | Rate | Total Billable |
|---|---|---|---|---|---|---|
| 02/19/2026 | Samuel Gonzalez Esq. | Email with Others (Not Client) | Correspond with OC re: finalization and filing of settlement agreement. | 0.2 | $ 450.00 | $ 90.00 |
| 02/13/2026 | Samuel Gonzalez Esq. | Legal | Review settlement agreement signed by Defendant and telephone call with client re: signature required for agreement. | 0.2 | $ 450.00 | $ 90.00 |
| 02/09/2026 | Samuel Gonzalez Esq. | Phone Call | Telephone call with OC Michael Pancier re: agreement of settlement terms and next steps to dissolve the matter. | 0.1 | $ 450.00 | $ 45.00 |
| 02/09/2026 | Brian H. Pollock Esq. | Teleconference with | T/c with Mr Pancier re: the potential for settlement based on the latest settlement terms his clients proposed | 0.2 | $ 635.00 | $ 127.00 |
| 02/09/2026 | Steffany Sanguino | Paralegal | I called the client to follow up with his witnesses, but no answer. I drafted him an email and texted him informing. | 0.2 | $ 185.00 | $ 37.00 |
| 02/09/2026 | Samuel Gonzalez Esq. | Phone Call | Telephone call with the client re: acceptance of settlement terms and payment schedule. | 0.2 | $ 450.00 | $ 90.00 |
| 02/09/2026 | Samuel Gonzalez Esq. | Receipt, Review, and Analysis | Receipt and review of OC's Joint Motion re: Settlement Agreement and Dismissal. | 0.2 | $ 450.00 | $ 90.00 |
| 02/09/2026 | Samuel Gonzalez Esq. | Receipt, Review, and Analysis | Receipt and review of OC's Draft Settlement Agreement and minor revisions. | 0.4 | $ 450.00 | $ 180.00 |
| 02/09/2026 | Brian H. Pollock Esq. | FLSA - Plaintiff | Receipt and review of emails from Mr. Pancier enclosing the proposed Settlement Agreement and Motion to Approve. Review and then revise the proposed Settlement Agreement and Motion to Approve and enclose them in an email to Mr. Pancier requesting his feedback on them | 2.3 | $ 635.00 | $ 1,460.50 |
| 02/06/2026 | Steffany Sanguino | Paralegal | I drafted an email and a text message to follow up with the clients' witnesses. | 0.1 | $ 185.00 | $ 18.50 |
| 02/04/2026 | Steffany Sanguino | Paralegal | I drafted an email to the client following up with his witnesses. I also sent him a text to let him know. | 0.1 | $ 185.00 | $ 18.50 |
| 02/04/2026 | Samuel Gonzalez Esq. | Receipt, Review, and Analysis | Receipt and review of emails from OC re: settlement negotiations. | 0.1 | $ 450.00 | $ 45.00 |
| 02/04/2026 | Brian H. Pollock Esq. | Receipt, Review, and Analysis | Receipt and review of emails from Mr. Pancier re: his client's response to the offer and counter-proposed terms | 0.2 | $ 635.00 | $ 127.00 |
| 02/04/2026 | Brian H. Pollock Esq. | Email with Others (Not Client) | Draft email to Mr. Pancier w/ a thorough settlement proposal (2 options) given | 0.4 | $ 635.00 | $ 254.00 |
| 02/04/2026 | Samuel Gonzalez Esq. | Phone Call | Telephone call with OC re: settlement terms and negotiations. | 0.4 | $ 450.00 | $ 180.00 |
| 02/03/2026 | Samuel Gonzalez Esq. | Email with Others (Not Client) | Receipt of OC's emails and counter offers; Draft correspondence in response re: settlement terms. | 0.6 | $ 450.00 | $ 270.00 |
| 02/02/2026 | Steffany Sanguino | Paralegal | I texted the client following up with our witness request. | 0.1 | $ 185.00 | $ 18.50 |
| 02/02/2026 | Steffany Sanguino | Paralegal | I drafted an email from the client following up with his witnesses. | 0.2 | $ 185.00 | $ 37.00 |
| 02/02/2026 | Samuel Gonzalez Esq. | Phone Call | Phone call with client re: payments OC argues were made to contribute towards OT amounts owed. | 0.3 | $ 450.00 | $ 135.00 |
| 02/02/2026 | Samuel Gonzalez Esq. | Email with Others (Not Client) | Draft email to OC re: counter-offer and divergence on calculation of damages and OT payments. | 0.7 | $ 450.00 | $ 315.00 |
| 02/02/2026 | Samuel Gonzalez Esq. | Receipt, Review, and Analysis | Conduct review and analysis of spreadsheets provided by OC, conduct mathematical data analysis to create counter offer to OC. | 2.5 | $ 450.00 | $ 1,125.00 |
| 01/30/2026 | Steffany Sanguino | Paralegal | I received an email from the client informing me that the witnesses he has will most likely not testify, as they are still employed by the defendant. I drafted an email in response explaining that we will not contact them to testify; we only need to disclose them. | 0.3 | $ 185.00 | $ 55.50 |
| 01/29/2026 | Steffany Sanguino | Paralegal | I drafted an email to the client following up with his witnesses. | 0.2 | $ 185.00 | $ 37.00 |
| 01/28/2026 | Steffany Sanguino | Paralegal | I texted the client following up with our emails regarding the witnesses. | 0.1 | $ 185.00 | $ 18.50 |
| 01/28/2026 | Steffany Sanguino | Paralegal | The client confirmed he was in charge of making breakfast on Sundays from 8 am to 12 pm. He was in charge of opening the restaurant. | 0.1 | $ 185.00 | $ 18.50 |



EXHIBIT
"A"

| Date | Name | Type | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 01/28/2026 | Steffany Sanguino | Paralegal | I called the client to go over the offer received of $1,431.14. I asked the client if he was aware that the extra $65 or $75 he was receiving weekly was for the extra hours of work, but the client was not aware of that. He said the extra money he was given was for breakfast supplies he was responsible for buying. Unfortunately, the client doesn't have anything in writing that identifies this. However he was witnesses. | 0.2 | $ 185.00 | $ 37.00 |
| 01/28/2026 | Steffany Sanguino | Paralegal | I called the client regarding the information we received from OC. The client informed me that he was receiving $75, which was $25 for the Uber, and a $50 extra payment besides his salary for the hours he would spend making the Sunday breakfasts. | 0.2 | $ 185.00 | $ 37.00 |
| 01/27/2026 | Steffany Sanguino | Paralegal | I drafted and sent an email to the client following up with his witnesses. | 0.2 | $ 185.00 | $ 37.00 |
| 01/27/2026 | Brian H. Pollock Esq. | FLSA - Plaintiff | Exchange emails with Mr. Pancier re: his representation of the Defendants and his clients' version of the payments, extra payments, and the proposed OT owed and an offer; then, direct Ms. Sanguino to discuss same with the client and obtain his version of events to corroborate or dispute that from the Defs | 0.3 | $ 635.00 | $ 190.50 |
| 01/23/2026 | Steffany Sanguino | Paralegal | I drafted an email to the client following up with information regarding his witnesses. | 0.1 | $ 185.00 | $ 18.50 |
| 01/21/2026 | Steffany Sanguino | Paralegal | I drafted an email to the client listing the information we seek regarding his witnesses. | 0.2 | $ 185.00 | $ 37.00 |
| 01/20/2026 | Samuel Gonzalez Esq. | Draft/revise | Draft NOF Return of Service - Cebiche-Bar, Inc | 0.2 | $ 450.00 | $ 90.00 |
| 01/20/2026 | Samuel Gonzalez Esq. | Draft/revise | Draft NOF Return of Service - Giancarlo Capocci | 0.2 | $ 450.00 | $ 90.00 |
| 01/08/2026 | Samuel Gonzalez Esq. | Draft/revise | Draft NOA by SG | 0.2 | $ 450.00 | $ 90.00 |
| 01/08/2026 | Brian H. Pollock Esq. | Draft/revise | Draft letter to client re: Case filed and what to expect (English and Spanish) | 0.4 | $ 635.00 | $ 254.00 |
| 01/07/2026 | Samuel Gonzalez Esq. | Draft/revise | Revise finalized drafts of Plaintiff's Complaint, Civil Cover Sheet, and Summons for purposes of filing. | 0.5 | $ 435.00 | $ 217.50 |
| 01/06/2026 | Samuel Gonzalez Esq. | Draft/revise | Revise draft of Plaintiff's Complaint and draft Summonses to Individual and Corporate Defendants. | 0.9 | $ 435.00 | $ 391.50 |
| 01/05/2026 | Samuel Gonzalez Esq. | Legal | Conferral with Brian Pollock regarding Plaintiff's claims and revisions to Plaintiff's FLSA Complaint. | 0.1 | $ 435.00 | $ 43.50 |
| 12/31/2025 | Samuel Gonzalez Esq. | Draft/revise | Draft Plaintiff's FLSA Complaint. | 1.5 | $ 435.00 | $ 652.50 |
| 12/30/2025 | Samuel Gonzalez Esq. | Legal | Confer with Brooks LaRou regarding developing strategy for unpaid overtime claim for Plaintiff's Complaint. | 0.1 | $ 435.00 | $ 43.50 |
| 12/30/2025 | Samuel Gonzalez Esq. | Email with Client | Draft email to client providing update on case status and development. | 0.2 | $ 435.00 | $ 87.00 |
| 12/30/2025 | Samuel Gonzalez Esq. | Receipt, Review, and Analysis | Review and analyze numerous documents provided by client including text messages, work schedules, pictures, time entries, and tax documents for purposes of building strategy to calculate damages in Plaintiff's Complaint. | 1.5 | $ 435.00 | $ 652.50 |
| 12/24/2025 | Steffany Sanguino | Paralegal | The client has confirmed that he does not have any additional materials to provide us with. | 0.2 | $ 165.00 | $ 33.00 |
| 12/22/2025 | Steffany Sanguino | Paralegal | I drafted an email to the client to follow up with materials. | 0.2 | $ 165.00 | $ 33.00 |
| 12/18/2025 | Steffany Sanguino | Paralegal | I drafted an email to the client following up with materials. | 0.2 | $ 165.00 | $ 33.00 |
| 12/15/2025 | Steffany Sanguino | Paralegal | I emailed the client to confirm whether he has any additional records to provide us with. | 0.2 | $ 165.00 | $ 33.00 |
| 12/15/2025 | Steffany Sanguino | Paralegal | Received an email from the client asking us to remove the messages his son forwarded to us. He sent me a Dropbox link with all the WhatsApp messages. | 0.3 | $ 165.00 | $ 49.50 |
| 12/12/2025 | Steffany Sanguino | Paralegal | The client has informed me that he forwarded those emails to his son so he could forward them to us, but instead his son screenshotted the message and sent those screenshots so those messages appear between him and his son. I explained this to the client and asked him to forward us the actual messages, and if there are any media, forward them to us as well, so we can open them and review them. | 0.3 | $ 165.00 | $ 49.50 |

| Date | Name | Category | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 12/10/2025 | Steffany Sanguino | Paralegal | The Client informed me that the Text messages named "Papa USA" are messages between him and his son. His son was helping him export the conversations to us. Those messages show he forwarded some to his son, which is why his son took screenshots and sent them to us. However, I asked the client to provide us with the entire conversation and not just a few of them. | 0.2 | $ 165.00 | $ 33.00 |
| 12/09/2025 | Samuel Gonzalez Esq. | Client Records | Review case file and initial client notes for purposes of preparing for Potential New Client call with Rafael Arce. | 0.2 | $ 435.00 | $ 87.00 |
| 12/09/2025 | Samuel Gonzalez Esq. | Draft/revise | Draft Wage Case Evaluation Memo discussing facts gathered during phone call with Rafael Arce | 0.6 | $ 435.00 | $ 261.00 |
| 12/09/2025 | Samuel Gonzalez Esq. | Phone Call | Speak over the phone with client, Rafael Arce, to gather additional facts and details surrounding his claim and viability of collecting. | 1.2 | $ 435.00 | $ 522.00 |
| 12/08/2025 | Steffany Sanguino | Paralegal | I received, reviewed, and organized WhatsApp chats from the client, including messages with Will, the manager, and Los Fantasticos, which is a group chat with everyone. I emailed the client to confirm who is "Papa USA" | 0.5 | $ 165.00 | $ 82.50 |
| 12/05/2025 | Steffany Sanguino | Paralegal | I drafted an email to the client requesting that he export all the WhatsApp messages he has and informing him that he must screenshot regular messages. | 0.2 | $ 165.00 | $ 33.00 |
| 12/05/2025 | Steffany Sanguino | Paralegal | Received, reviewed, and organized documents from the client, including messages with "Papa USA" and his 1099 for 2023 and 2024. | 0.3 | $ 165.00 | $ 49.50 |
| 12/03/2025 | Steffany Sanguino | Paralegal | I called the client to follow up with materials, but no answer. I couldn't leave a voicemail, so I sent him a text and an email following up. | 0.3 | $ 165.00 | $ 49.50 |
| 12/01/2025 | Steffany Sanguino | Paralegal | I drafted an email to the client following up with documents. | 0.2 | $ 165.00 | $ 33.00 |
| 11/25/2025 | Steffany Sanguino | Paralegal | I drafted an email to the client following up with materials for his case. | 0.2 | $ 165.00 | $ 33.00 |
| 11/21/2025 | Steffany Sanguino | Paralegal | I drafted an email to the client with a list of documents we seek in order to start preparing her case. | 0.2 | $ 165.00 | $ 33.00 |
| 11/21/2025 | Brian H. Pollock Esq. | Draft/revise | Draft Letter to client re Privilege and preservation (Eng/Spa) | 0.4 | $ 600.00 | $ 240.00 |
| 11/21/2025 | Brooks LaRou Esq. | Legal | Conducted research regarding Defendants to be named in Complaint; conferral with Juan Aragon regarding case classification and caption information necessary for case initiation. | 0.4 | $ 375.00 | $ 150.00 |
| 10/13/2025 | Brooks LaRou Esq. | Legal | Conducted in-person consultation with PNC Rafael Arce; revisions to consultation notes. | 1.2 | $ 375.00 | $ 450.00 |
| | | | | | **TOTAL** | **$ 10,139.00** |

**Expenses Report**

| Date | Expense Category | Description | Amount Billed |
|---|---|---|---|
| 01/20/2026 | Service of Process | Invoice for Service of Process - CEBICHE-BAR, INC. | $ 56.40 |
| 01/20/2026 | Service of Process | Invoice for Service of Process - Giancarlos Capocci | $ 56.40 |
| 01/07/2026 | Filing Fee - Federal Court | | $ 405.00 |
| | | **TOTAL $** | **517.80** |