UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:26-CV-60029-AUGUSTIN-BIRCH

RAFAEL ARCE CENTENARO,

      Plaintiff,

v.

CEBICHE-BAR, INC., *et al.*,

      Defendants.

_____/

### ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS ACTION WITH PREJUDICE

This cause comes before the Court on the parties' Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice. DE 9. The parties seek the Court's approval of their Settlement Agreement, which resolves Plaintiff Rafael Arce Centenaro's claims under the Fair Labor Standards Act ("FLSA"). *See* DE 9 at 3–12 (Settlement Agreement). The Court has carefully considered the Joint Motion, the supplemental briefing, and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Joint Motion [DE 9] is **GRANTED**.

Plaintiff filed this action against Defendants Cebiche-Bar, Inc. and Giancarlo Capocci, his former employers, alleging that they violated the FLSA by failing to pay him full overtime wages. DE 1. Under the terms of the Settlement Agreement now before the Court, Plaintiff will receive $12,000, consisting of $6,000 for unpaid overtime wages and $6,000 for liquidated damages. DE 9 at 7. Plaintiff's counsel will receive $9,000 for costs and fees. *Id.*

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

The parties apply the *Leverso* factors to the facts of this case in their supplemental briefing. DE 13 at 1–4. In summary, the parties assert that there was a bona fide dispute regarding whether Plaintiff was entitled to any overtime wages. The parties also claim that, although there was no formal discovery, there was a sufficient exchange of documents to enable the parties to evaluate their respective positions. Lastly, the parties state that their counsel believe the settlement is fair and reasonable and that they settled in order to avoid the costs and expenses of continued litigation. In light of these representations, the Court concludes that application of the *Leverso* factors to this case demonstrates that the parties' settlement is fair and reasonable.

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Plaintiff's counsel attached billing records to the supplemental briefing reflecting costs of $517.80 and fees of $10,139

incurred for 24.9 hours of work at various hourly rates for each timekeeper. DE 13 at 6–9. Under the terms of the Settlement Agreement, Plaintiff's counsel will receive $517.80 for costs and $8,482 for fees, for a total of $9,000. DE 9 at 7. Given the facts of this case, the Court concludes that the $9,000 payment to be made to Plaintiff's counsel under the Settlement Agreement for costs and fees is reasonable and approves that payment.

The Court has reviewed the remaining clauses of the Settlement Agreement and concludes that they are fair and reasonable. Accordingly, the Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice [DE 9] is **GRANTED**, and the Court **APPROVES** the parties' Settlement Agreement [DE 9 at 3–12]. This case is **DISMISSED WITH PREJUDICE**. Per the parties' request, the Court retains jurisdiction to enforce the terms of the Settlement Agreement. **The Clerk of Court is directed to close this case, cancel all hearings, and terminate all deadlines.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 30th day of March, 2026.

_____

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE